519 A.2d 1034

**PENN STATE CONSTRUCTION, INC.**

v.

**CAMBRIA SAVINGS AND LOAN ASSOCIATION.**

Appeal of **ASSOCIATED–EAST MORTGAGE COMPANY.**

Superior Court of Pennsylvania.

Argued May 22, 1986.

Filed Jan. 6, 1987.

Edwin J. Strassburger, Pittsburgh, for appellant.

Adrienne Johnson, Coraopolis, for Penn State, appellee.

Richard J. Green, Jr., Johnstown, for Cambria Sav., appellee.

Before BROSKY, KELLY and ROBERTS, JJ.

ROBERTS, Judge:

Appellant Associated East Mortgage Company ("Associated East") appeals from an order dismissing all of its claims against appellee Cambria Savings and Loan Association ("Cambria"). The sole issue presented for review is whether the evidence was sufficient to prove that Associated East was guilty of fraud in causing appellee Penn State Construction Company ("Penn State") to default on a construction contract. The trial court determined that Associated East committed fraud, thereby releasing Cambria from its duty to honor a standby letter of credit issued to Associated East. We affirm.

On September 10, 1974, Penn State filed a complaint against Cambria to enjoin them from honoring a letter of credit which Cambria had issued to Associated East. The complaint was filed in response to an oral demand on the letter of credit made by Associated East on September 6, 1974. The demand was based on Associated East's contention that Penn State had defaulted on a construction contract by failing to complete the project by the date specified in the agreement. After a default judgment had been entered against Cambria, Associated East filed a petition to open judgment and a petition to intervene in May, 1976. Both petitions were granted in October, 1978. Associated

East then filed answers and counterclaims, alleging that Cambria was obligated to honor the letter of credit. The case was tried in August, 1984, after which the chancellor issued his opinion and order dismissing Associated East's claims. Associated East then filed a motion for post trial relief which was denied by the court en banc. This appeal followed.

The evidence establishes that on January 11, 1973, Phillipsburg U.A.W. Housing Company, owner of a tract of land in Phillipsburg, Clearfield County, entered into a construction contract with Phillipsburg Construction Company for the construction of a project known as Sunnyslope Apartments. Penn State was the managing joint venturer of the Phillipsburg Construction Company. Associated East supplied the construction mortgage to Phillipsburg U.A.W. Housing Company. The parties then entered into a Completion Assurance Agreement which specifically referred to the construction contract of January 11, 1973. The agreement required Penn State to deposit $114,918.00 as a Completion Assurance Fund in order to indemnify Associated East in the result of default by Penn State in performing the construction contract.[1] Penn State then deposited $115,000.00 with Cambria, which in turn issued a letter of credit to Associated East, confirming the assignment of $115,000.00 as a Completion Assurance Fund.[2]

1. The relevant portion of the Completion Assurance Agreement provides:
   Article 2. The Lender shall maintain such Fund as a separate trust account to be disbursed as follows:
   (c) "To the Lender the entire Fund or balance remaining therein *in the event of a default by the Contractor under the Construction Contract* to be used by the Lender to indemnify it and the Owner as the case may be, for any loss, damage or expense whatsoever which they may suffer by reason of the *Contractor's failure to properly perform said Construction Contract.* In any event, any and all disbursements from said Fund shall be made only upon the prior written approval of the Commissioner, or his authorized agent." (Emphasis supplied)

2. Letter of Credit # 1, dated January 11, 1973, provides:
   "We hereby issue this Letter of Credit # 1 for the account of the United Auto Workers up to an aggregate amount of $115,000.00, available in case of default by the contractor on drafts accompanied

The financing of the construction project was to be made through requisitions. The construction contract specified that requests for payment were to be made 5 days before payment was desired, and payment was to be made within 7 days of approval by the architect. The trial court found that Associated East was substantially late in making the payments on 9 approved requisitions, and that, as a result, Associated East caused the delays in construction to occur.

The evidence also established that after Associated East made the oral demand to honor the letter of credit on September 6, 1974, Penn State completed the work in accordance with the construction contract, at its own expense, with no further demand being made by Associated East until five months after completion. The trial court concluded that Associated East's "attempt to obtain the benefit of payment on the letter of credit, in addition to the benefit of Penn State's substantial performance is evidence of fraudulent intent."

A letter of credit is used to provide assurance to the seller of goods (i.e. the beneficiary) of prompt payment upon presentation of documents. A standby letter of credit, the type at issue in this case, does not contemplate that payment will ultimately be made but recognizes that payment will be required only if the customer of an obligation defaults on that obligation. See 7 *R. Anderson, Uniform Commercial Code*, § 5–102:15 (1985). Appellant argues that the trial court misapplied the standards governing the duty of an issuer of a standby letter of credit to honor a demand for payment, as set forth by the Uniform Commercial Code, 13 Pa.C.S.A. § 5114, and by our Supreme Court's decision in *Intraworld Industries, Inc. v. Girard Trust Bank*, 461 Pa. 343, 336 A.2d 316 (1975).[3]

by statement of default pursuant to Completion Assurance Agreement, FHA form 2450, executed by Penn State Construction Company, John Albarano, President, in connection with the closing of FHA Project # 033–44063–LD."

3. The relevant portions of § 5114 provide as follows:
   (a) *Duty of issuer to honor draft or demand.* An issuer must honor a draft or demand for payment which complies with the terms of

§ 5114(a) states the general rule that the issuer is under a duty to honor the demands for payment which in fact comply with the terms of the credit without reference as to whether the underlying contract has been performed. § 5114(b)(2) permits the customer to obtain an injunction against the issuer when there is such fraud as would justify the issuer in refusing to honor the letter. Honor may therefore be enjoined because of the fraud of the beneficiary. *See Banco Nacional de Desarrollo v. Mellon Bank,* 726 F.2d 87 (3d Cir.1984).

In *Intraworld Industries, supra,* 461 Pa. at 359, 336 A.2d at 324–325, our Supreme Court established the standards for determining when an injunction against honor should be granted:

In light of the basic rule of the independence of the issuer's engagement and the importance of this rule to the effectuation of the purposes of the letter of credit, we think that the circumstances which will justify an injunction against honor must be narrowly limited to situations of fraud in which the wrongdoing of the beneficiary has so vitiated the entire transaction that the legitimate purposes of the independence of the issuer's obligation would no longer be served. A court of equity has the limited duty of

the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary. The issuer is not excused from honoring such a draft or demand by reason of an additional general term that all documents must be satisfactory to the issuer, but an issuer may require that specified documents must be satisfactory to it.

(b) *Nonconforming document or fraud.* Unless otherwise agreed when documents appear on their face to comply with the terms of a credit but a required document does not in fact conform to the warranties made on negotiation or transfer of a document of title (section 7507) or of a security (section 8306) or is forged or fraudulent or there is fraud in the transaction:

\*      \*      \*      \*      \*      \*

(2) in all other cases as against its customer, an issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery or other defect not apparent on the face of the documents but a court of appropriate jurisdiction may enjoin such honor.

"guaranteeing that [the beneficiary] not be allowed to take unconscientious advantage of the situation and run off with plaintiff's money on a *pro forma* declaration which has *absolutely no basis in fact.*"

*Dynamics Corp. of America v. Citizens and Southern National Bank,* 356 F.Supp. 991, 999 (N.D.Ga.1973) (emphasis supplied).

Our standard of review is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. *Piccinini v. Teachers Protective Mutual Life Insurance Co.,* 316 Pa.Super. 519, 524–525, 463 A.2d 1017, 1021 (1983). Furthermore, the evidence must be considered in the light most favorable to the verdict winners. *Id.*

Applying these standards here, it is clear that the trial court's determination that Associated East committed fraud was supported by sufficient evidence. The record establishes that Penn State had substantially completed the project when Associated East made the demand on Cambria to honor the credit. It is also beyond doubt that Associated East's failure to timely pay the requisitions, as the contract mandated, caused whatever delays occurred in completing the project. To allow the beneficiary to obtain the proceeds from the completion assurance fund when it also received the benefits of the underlying transaction would make the issuer a party to the beneficiary's fraud. In this case Cambria had notice of irregularities by Associated East and decided not to comply with Associated East's demand to honor the credit. See *Bank of Newport v. First National Bank & Trust Co. of Bismarck,* 687 F.2d 1257 (8th Cir. 1982). The trial court did not err in finding fraud in the transaction between Penn State and Associated East. Accordingly, the trial court correctly determined that Cambria is not obliged to honor the letter of credit.

Order affirmed.